IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EDGAR ALFREDO SOLORZANO FUENTES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-2613 (AJT-WBP) |
| JEFF CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Edgar Alfredo Solorzano Fuentes's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on August 15, 2026.[1]

Petitioner is citizen of Guatemala, who entered the United States lawfully on June 6, 2009, and has remained here since that date and beyond the expiry date of his B-2 nonimmigrant visa on December 12, 2009. [Doc. No. 6-1] ¶¶ 6–7. On August 9, 2026, ERO arrested Petitioner during a targeted operation in Bladensburg, Maryland, and transported him to Farmville Detention Center, where he remains detained. *Id.* ¶¶ 8–9. Petitioner contends that his ongoing detention pursuant to § 1225(b) violates the Immigration and Nationality Act and his constitutional due process rights. [Doc. No. 1]. In response, the Respondents contend that Petitioner is not being detained under 8 U.S.C. § 1225(b), and he is eligible for bond consideration under § 1226(a), in light of which the Petition is **GRANTED** and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and

[1] Petitioner's Motion to Show Cause is DENIED as moot.

it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

August 20, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge